IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

H&R BLOCK TAX SERVICES LLC,

        Plaintiff,

v.

JUAN CARDENAS, JR.,

        Defendant.

Case No. 20-CV-00109-SRB

## DEFAULT JUDGMENT

Before the Court is Plaintiff H&R Block Tax Services LLC's ("H&R Block") Motion for Default Judgment. (Doc. #30.) No response has been filed to the motion. As set forth below, the motion is GRANTED.

H&R Block filed its Verified Complaint in this action on February 17, 2020, seeking relief for Defendant Juan Cardenas, Jr.'s ("Defendant") breaches of his contractual obligations to H&R Block, including without limitation, breach of certain noncompetition and nonsolicitation covenants. (Doc. #1.) H&R Block also sought a temporary restraining order and preliminary injunction. (Docs. #2-3.) Defendant was served on February 19, 2020. (Doc. #8.)

On March 3, 2020, the Court held a hearing regarding H&R Block's motion for a temporary restraining order and preliminary injunction and Defendant failed to appear, despite being notified by H&R Block's counsel. (Doc. #12.) The Court granted H&R Block's motion for a temporary restraining order and preliminary injunction the same day. (Doc. #14.) H&R Block served Defendant with a copy of the Order on March 4, 2020. (Doc. #15.)

Thereafter, on March 18, 2020, H&R Block filed a Motion for Contempt of Preliminary Injunction against Defendant as well as his father, Juan Cardenas, Sr. ("Cardenas Sr.") (as a party

acting in concert with Defendant). Neither Defendant nor Cardenas Sr. responded. (Doc. #20.) The Court granted H&R Block's Motion for Contempt of Preliminary Injunction on April 6, 2020 (the "Contempt Order"). (Doc. #23.) Among other sanctions, the Contempt Order required Defendant and Cardenas Sr. to pay H&R Block a $1,000 per day fine from the date of the Contempt Order, unless and until they filed the affidavit required by the Court's Order to Show Cause (Doc. #21) and fully complied with all other terms of the Contempt Order. The Contempt Order also required Defendant and Cardenas Sr. to pay H&R Block its reasonable attorneys' fees in the amount of $3,500. Cardenas Sr. filed the required affidavit on May 1, 2020. (Doc. #24.) To date, Defendant has not filed the required affidavit, nor has he remitted the monetary penalty required by the Contempt Order.

H&R Block has now filed the pending Motion for Default Judgment under Federal Rule of Civil Procedure 55(b)(2). Defendant has not responded to the Motion for Default Judgment. The Court has carefully considered H&R Block's Complaint, the allegations of which are well-pleaded and hereby taken as true, the Motion for Default Judgment and the Suggestions and Declaration submitted in support, and all other filings and evidence presented in this case.

Upon review, H&R Block's Motion for Default Judgment (Doc. #30) is hereby **GRANTED**. Judgment is granted in favor of H&R Block and against Defendant for the relief requested and supported by H&R Block's Complaint and the record in this case, as follows:

1. H&R Block is awarded damages, representing H&R Block's lost profits incurred by virtue of Defendant's breaches, in an amount of $250,000;

2. A permanent injunction is hereby entered, enjoining Defendant, his officers, agents, servants, employees, attorneys, and all persons and entities in active concert or participation with them (including, without limitation, Cardenas Sr. and Legacy Tax), as follows:

a. From violating the terms of the parties' Franchise License Agreement ("FLA"), attached as Exhibit 1 to the Complaint filed in this action, including without limitation the noncompetition, nonsolicitation, and other covenants set forth in Section 12 of the FLA;

b. For a continuous, uninterrupted period of two years from the entry of the permanent injunction (excluding any periods of Defendant's non-compliance and time spent enforcing his obligations), from:

  i. Directly or indirectly diverting from H&R Block any person for whom tax return preparation or other Authorized Services[1] (as defined by the FLA) were rendered at any time during the term of the FLA by Defendant or his Franchised Business;

  ii. Directly or indirectly soliciting by mail, telephone, electronically, via the Internet, in person, or by other means, any person for whom tax return preparation or other Authorized Services (as defined by the FLA) were rendered at any time during the term of the FLA by Defendant or his Franchised Business;

  iii. Directly or indirectly divulging and using information and knowledge concerning clients, the methods, promotion, advertising or any other systems or methods of operation of H&R Block's business that Defendant acquired by virtue of his operation of the Franchised Business under the FLA;

  iv. Retaining or using any H&R Block property, including without limitation

---

[1] Capitalized terms not defined herein shall have the same meaning as provided in the FLA and its attached exhibits.

    the client lists, files, tax returns, computer servers, and all other client data of the terminated Franchised Business;

 v. Retaining or using any articles which display any of the Licensed Marks (as defined in the FLA) or the trade names of H&R Block, including signs or logos of H&R Block, and to immediately return all such items to H&R Block; and

 vi. Operating the tax preparation office located at 455 S. Bibb Ave., Ste. 742, Eagle Pass, TX 78852.

3. H&R Block is awarded its reasonable attorneys' fees and costs in the amount of $35,000; and

4. H&R Block is awarded post-judgment interest at the maximum rate allowed by law.

**IT IS SO ORDERED.**

            /s/ Stephen R. Bough
            STEPHEN R. BOUGH
            UNITED STATES DISTRICT JUDGE

Dated: April 1, 2021